UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WARREN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 10-670 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.　SUMMARY

On May 14, 2010, plaintiff Kenneth Warren ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 19, 2010 Case Management Order ¶ 5.

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 5, 2007, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 125-27). Plaintiff asserted that he became disabled on August 31, 2006, due to paranoia, schizophrenia, blurred vision, arthritis, high blood pressure and trouble with his big toes. (AR 125, 135).

On November 24, 2009, the Administrative Law Judge ("ALJ") determined that plaintiff was not disabled through the date of the decision. (AR 9-20). Specifically, the ALJ found:  (1) plaintiff suffers from the following severe impairments:  psychotic disorder, not otherwise specified; anxiety disorder, not otherwise specified; and borderline intellectual functioning (AR 11); (2) plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments (AR 12); (3) plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations[1] (AR 14); (4) plaintiff cannot perform his past relevant work (AR 18); and (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, such as dishwasher, cleaner and landscape worker (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

///

///

---

[1] The ALJ determined that plaintiff is limited to simple repetitive tasks, is precluded from contact with the public, is limited to only occasional non-intense contact with the public, is limited to only occasional non-intense contact with co-workers and supervisors and is precluded from work that includes responsibility for the safety of others. (AR 14).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five.

///

---

[2] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

3

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff asserts, among other things, that the ALJ erred in concluding that his mental impairments did not meet or equal the listings for mental retardation at 20 C.F.R., Part 404, Subpart P, App. 1, § 12.05C to establish presumptive disability. More specifically, plaintiff challenges the ALJ's conclusion that all of plaintiff's significant work related limitations of function would result from borderline intellectual functioning alone and that there were no additional limitations caused by his other mental impairments. (Plaintiff's Motion at 3).

A claimant meets Listing 12.05C if he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . " 20 C.F.R., Part 404, Subpart P, App. 1, § 12.05C.

Here, the ALJ recognized that plaintiff had received a verbal IQ score of 66 and a full scale IQ score of 70 when tested by the psychological consultative examiner. (AR 14) (citing Ex. 8F, p. 4 [AR 207]). Though not entirely clear from the decision, it does not appear that the ALJ questioned the validity of such IQ tests. (AR 14). The ALJ concluded, however, that all of plaintiff's significant work related limitations of function would result from borderline intellectual functioning alone and that there were no additional limitations caused by his other mental impairments. (AR 14). Based upon such conclusions, the ALJ found that plaintiff did not meet Listing 12.05C.

This Court concludes that a remand is appropriate for the ALJ to resolve an apparent inconsistency in his decision. As noted above, the ALJ concluded that plaintiff does not have a physical or other mental impairment imposing an additional significant work-related limitation of function, as required by the second prong of § 12.05C. The regulations provide that in determining whether a claimant's impairments satisfy the second prong of § 12.05C "[the Commissioner] will assess the degree of functional limitation the additional impairment(s)

imposes to determine if it significantly limits the claimant's physical or mental ability to do basic work activities, i.e., is a 'severe' impairment(s), as defined in [20 C.F.R.] §§ 404.1520(c) and 416.920(c)." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(A).[3] The Ninth Circuit has held that "[a]n impairment . . . may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir.2005) (quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1966)); see also Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir.1987) ("An impairment imposes a significant work-related limitation of function" according to the second prong of § 12.05C "when its effect on a claimant's ability to perform basic work activities is more than slight or minimal."). Here, the ALJ determined that in addition to borderline intellectual functioning, plaintiff suffered from two additional severe mental impairments: a psychotic disorder, not otherwise specified and an anxiety disorder, not otherwise specified. (AR 11) (citing 20 C.F.R. § 416.920(c)). As such, based on the ALJ's own findings at step two of the sequential evaluation process, it appears that plaintiff's other mental impairments satisfy the second prong of § 12.05C of the Listing because he has severe mental impairments that are distinct from his qualifying IQ score. See Gomez v. Astrue, 695 F. Supp. 2d 1049, 1061-62 (C.D. Cal. 2010); see also Rhein v. Astrue, 2010 WL 4877796, *10 (E.D. Cal. Nov. 23, 2010) (step two finding of other severe impairment necessarily determines that the second prong of Listing 12.05C is satisfied). To the extent the ALJ found that plaintiff's other mental impairments do not satisfy the second prong of § 12.05C, remand is warranted to address this apparent inconsistency in the ALJ's decision. See Rhein, 2010 WL 4877796, at **10-11; Schuler v. Astrue, 2010 WL 1443892, *5 (C.D. Cal. Apr. 2010).

---

[3] 20 C.F.R. §§ 404.1520(c) and 416.920(c) define a "severe impairment" as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 416.920(c).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 14, 2011

                                                  /s/
                           Honorable Jacqueline Chooljian
                           UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.